This is the case 120-0076, Joseph Pacek, MD, v. Illinois Department of Finance and Professional Regulations. Our procedure basically is the appellant goes first and is given 10 to 15 minutes. We normally don't ask questions unless something unusual is occurring and then after the 15 minutes we ask our questions and the appellee goes forward and does the same and then there's the conclusion. So with that in mind, you got Justice Nathaniel House and Justice David Ellis and myself, Justice James Fitzgerald Smith. With that, you may proceed. Thank you, Your Honors. Can everyone hear me okay? Yes. Thank you. Good morning and may it please the court. This case is a case for administrative review. Dr. Joseph Pacek, appellant, is a physician licensed in Illinois to practice medicine. Dr. Pacek speaks at review of the final administrative decision of the appellees, Illinois Department of Director of the Department, which denied his petition for restoration of his physician license from suspended status. Dr. Pacek respectfully asks this court to reverse the defendant's decision for three reasons. First, Dr. Pacek was denied his due process right to defend his interests when the department took unproven allegations as true for purposes of determining the base offense for rehabilitation. Second, Dr. Pacek was denied his due process right to an orderly hearing according to established rules when the department applied an inapplicable competency requirement to his petition hearing. Third, the decision is clearly erroneous as Dr. Pacek established by a preponderance of the evidence that he had been sufficiently rehabilitated. The standard of review before this court differs depending on the issues presented. First, two issues of due process violations are subject to de novo review and require no deference be given to the agency. The third issue, whether the record supports the finding that Dr. Pacek was not rehabilitated, is subject to the clearly erroneous standard. Turning to the first issue, defendants in this case violated Dr. Pacek's right to defend his interests by taking all unproven allegations underlying the initial disciplinary complaint as true based solely on their existence and the existence of a consent order in which no admissions were made. It is undisputed that due process protections require an opportunity for Dr. Pacek to defend his interests. The regulatory factors in rehabilitation specify that it is the seriousness of the offense and not the seriousness of all unproven allegations, which is to be considered in a rehabilitation proceeding. The hearing on Dr. Pacek's rehabilitation was specifically limited by the ALJ to evidence of subsequent rehabilitative activities. Based on that unproven allegations in the restoration hearing, the findings clearly prejudiced his case as it elevated the starting position from which rehabilitation needed to be established. Furthermore, these findings will affect any future petitions for rehabilitation as well if they're required as the department can rely on its prior findings. During the hearing, Dr. Pacek readily admitted those violations which formed the basis of his decision to enter the consent order, namely that he had failed to disclose investigations and adverse employment actions on subsequent applications. In the hearing, Dr. Pacek continued to deny the remaining allegations of sexual misconduct. The department had the opportunity in the restoration proceeding to present rebuttal evidence but presented no evidence to support his finding. The ALJ found that plaintiff's offense, as indicated in the rehabilitation factors, included all unproven allegations of sexual misconduct underlying the initial disciplinary case. He based his decision on two factors. First and foremost, he based it on their existence alone. This is clearly contrary to due process requirements and elements of the ALJ. It is also contrary to the evidence in the record that the majority of those allegations had already been found unsubstantiated by the Office of the Inspector General. The ALJ also based his finding on the truth of the allegations based on the allegedly significant period of suspension to which Dr. Pacek had agreed, which also doesn't support his determination. Two-year indefinite suspension, such as the one Dr. Pacek had agreed to in this case, are fairly standard for violations related to non-disclosure on applications. And therefore, the discipline does not support the finding that Dr. Pacek committed the remaining underlying allegations. Moreover, that finding by that basis, underlying the ALJ's finding, ignores the entirely retroactive nature of the two-year indefinite suspension. The unproven allegations underlying the initial disciplinary complaint should never have been considered as the baseline offense in his petition for restoration. The plain language of the regulation makes clear the issue for the hearing is the offense. To find otherwise regarding the offense at issue, while limiting the hearing to evidence of rehabilitative efforts following the suspension, amounts to a violation of his due process right to defend his interests on the remaining unproven allegations. Secondly, Dr. Pacek was deprived of his due process right to an orderly proceeding according to established rules when the ALJ, sua sponte, considered an issue of clinical competency which did not apply to his rehabilitation proceeding. Defendants have conceded before the circuit court that the clinical competency provision applicable to license applications does not apply in rehabilitation proceedings on review here. Nevertheless, they argue that this did not form the basis for the department's decision. This argument has no merit as the ALJ report and the director's final order adopting that report both clearly state that this requirement applies to Dr. Pacek currently and that he failed to adequately demonstrate clinical competency in this case. Moreover, the defendant's ultimate decision cannot be isolated from this determination or seen in a vacuum against the rehabilitative factors. The ALJ considered this issue first and foremost. He spent considerable analysis on it and this was the final consideration repeated in his analysis of the rehabilitative factors and his ultimate determination regarding his rehabilitation. Even against the motion filed by Dr. Pacek outlining the error which the department has since conceded, the director still found it applicable to his case and that Dr. Pacek must currently show compliance. The director also found that he had failed to do so in this hearing. Therefore, it was clearly a basis underlying the decision to deny his petition. The misapplication of these established rules colored the remainder of the decision. Remand has been considered appropriate by this court where only partial findings were sustained on review and the same should apply here. Dr. Pacek is entitled to have a determination made on his rehabilitation according to the rules applicable to rehabilitation proceedings without the prejudice which was associated with the determination that he had not demonstrated clinical competency under a provision applicable to completely different proceedings. Therefore, reversal on this issue is also appropriate. Lastly, the decision that Dr. Pacek had not demonstrated rehabilitation is clearly erroneous. A decision is clearly erroneous when the reviewing court is left with a definite and firm conviction that a mistake has been committed. Here, there is no other possible determination on review. Dr. Pacek need only show rehabilitation by a preponderance of the evidence. Here, all evidence offered in this hearing regarding his activities since the suspension supported his rehabilitation. Dr. Pacek remained engaged with his colleagues and regularly discussed topics of psychiatry. He dedicated hundreds of hours to author a book to continue to contribute to his field. He has been engaged in volunteer services to give back to his community. He has taken hundreds of hours of continuing medical education to keep himself apprised of developments in the field of psychiatry. Contrary to the determination of ALJ and the director, Dr. Pacek is not required to complete CME while his license is in suspended status. Even if his license were active, he need only have shown 60 hours of Category 1 and not the nearly 200 that he showed during this hearing. Furthermore, Dr. Pacek has not been convicted of a crime or been found to have engaged in any dishonest or unprofessional conduct since the time of the suspension. His witnesses also testified to his good character. In In Rewagoda, the Supreme Court stated that rehabilitation is a matter of one's return to a beneficial, constructive, and trustworthy role. The department here offered no evidence which would show that Dr. Pacek has been anything other than a law-abiding and upstanding citizen committed to his profession since the time his license was suspended. Where all evidence offered in a hearing supports rehabilitation, it can only be seen as a grave mistake that he had not met his burden by a preponderance of the evidence. We ask that this court in this case reverse the decision and remand this matter to the department for additional hearing and evidence. Thank you, Your Honor. Questions? In regard to the underlying charges, wasn't there a stipulation that if the hearing officer received evidence on the charges that he could find a violation of the rules? Your Honor is referring to the consent order, correct? Yes, yes. There was an admission or rather a stipulation in the consent order that should this case proceed to the hearing on the underlying allegations, a violation could be found. Dr. Pacek testified in the restoration proceeding that the violations that he agreed could be found were those related to non-disclosure on his applications. Which should not have been made more clearly in the stipulation or the consent agreement rather than at the hearing because you know he's saying I didn't do x y and z and there's no witnesses for the state to dispute what he's saying. I mean it's you know it puts him in an awkward position to at this stage dispute the charges. Correct, Your Honor. That is one method by which this could have been made clearer is by putting that specific admission in the consent order. However, it's the department which has the discretion whether to enter into these consent orders. The department is the drafting party and the department controls the language in those consent orders. Had it required specific admissions in that consent order, this would not have been an issue in his restoration proceeding. Because there weren't any admissions in that consent order and it wasn't clear, it was a violation of his due process rights to find that those remaining violations which were unproven in the initial disciplinary proceedings had been found essentially proven for purposes of rehabilitation. Assuming the the misuse of the section 130 was there, how do we know that your client was prejudiced by that error? You know because they did give other reasons why he should not be found rehabilitated. Yes, there were other other reasons provided. However, this was part and parcel of the ultimate decision. Both the ALJ and the director spent such considerable analysis on it that it's clear that what they found what they thought was an essential element of his case, clinical competency. However, it's clear that that competency provision which is organized under a complete different section governing proceedings did not apply to this case. On the medical competency issue, in the record it appeared there were at least one or two other raised in the petition. If your honor is speaking to Noah Kocha, this was the turning point in the department's procedures regarding utilizing that provision, the competency provision as a weapon. Yes. So what had occurred was after the decision was rendered in this case to deny the Dr. Pasek's petition, a different case in which a petition had been completely dismissed for failing to show that compliance with that provision. On review in circuit court it was reversed. The circuit court agreed that that provision did not apply and did not warrant dismissal of the petition at that time and the department has since reversed course and no longer utilizes it and weaponizes it against petitioners in that fashion. Hence why when this case proceeded to the circuit court that case the other case in the circuit court had already been decided and the department here conceded that it was correct it did not apply and should not have in Dr. Pasek's case. Well if I could counsel, let's assume we agree with you that it was improper to consider the rule about clinical competency. Let's say we completely agree with you that should not have been in there. If the director ultimately had a separate basis for what Justice House was referring to about prejudice, I mean is there an argument here that that okay that was an error. Let's say we agree with you but wouldn't it be harmless? Couldn't we say well you lost on the rehabilitation anyway and that is a sufficient ground to deny restoration? Well your honor I understand that that is the department's contention in this case. However we disagree. A plain reading of the director's order shows that it wasn't harmless error. This was applied to Dr. Pasek as a part and parcel of the decision to deny his petition for restoration. It cannot be seen separate from that as the department the director specifically stated this does apply he must comply and he failed to do so in this hearing. But why can't be separated? I mean I don't care if they spent a hundred pages on it. Let's hypothesize that we agree with you that was error. All wrong. We just excise that whole thing from the director's decision. There's still an independent basis which is that your client did not prove that that he was rehabilitated. That's a separate and independent basis that would be sufficient if we agreed with it. I know you're attacking but let's say we think that that was a proper ruling. Why isn't that enough to deny restoration and uphold the decision? Well your honor we believe it is clear from the record that the director and ALJ considered that in its ultimate determination. That colored the remainder of the decision which analyzed the rehabilitative factors. If someone is coming before the department seeking restoration and they're found to have not shown compliance with what the department believed to be an essential element of restoration then there's no way that it couldn't have prejudiced them against Dr. Pasek. And the final order of the director does specifically state that he has failed to show this and therefore his petition should be denied. Sure but but is there anything in this decision that makes you think that the reliance on the clinical competency rule infected the ruling on rehabilitation which is a separate basis for denial? Your honor it was considered as an element among all the other elements of rehabilitation. The rehabilitation factors in this in section 1285.255 are non-exhaustive and the department did consider it as part of the entirety of the weight given to his rehabilitation. Okay so you would say I'm sorry if I'm interrupting you but I think what you're telling me then is it really wasn't a separate and independent basis it was part of the rehabilitation ruling. It was part of the non-exhaustive other things that could go into determining rehabilitation. That is correct your honor and if you look at the ALJ report on this issue you can see that as he is going through the factors and rehabilitation in his analysis the final issue that he considered is that he failed to demonstrate clinical competency and then goes on to determine that you know for all these reasons he's failed to demonstrate rehabilitation. I believe the the reading of the that they consider considered in his ultimate rehabilitation finding. Okay thank you. I don't have any questions. Any further? All right appellant Laura you may proceed. Thank you your honors. Laura Wunder on behalf of the department. I said appellee. Pardon me? I said appellee. I knew what you meant. The contention is raised that the director deprived the plaintiff of due process by taking the underlying allegations as proven and there are a number of flaws with that contention and they're addressed in more detail in the briefing and I'd like to address a couple of them here. One main flaw is that the premise is incorrect. It is not correct that the director took the underlying disciplinary allegations as proven. The director and the ALJ did not make any determinations that the plaintiff violated the act. What the director did was to recognize that the allegations were serious ones, recognize that the plaintiff was willing to enter into a consent order based on those that violations of the medical practice act might be proven. So what this comes down to is that what the director did was to recognize that the disciplinary situation that the plaintiff was in showed reasons for concern for the public welfare. It's not taking the allegations as true and then the plaintiff in turn was able to respond to those I didn't have an opportunity to defend myself but that's not correct. He did have an opportunity. He had the opportunity to show that despite the nature of the allegations which were serious and despite entering into the consent order there was no longer a concern for the public welfare going forward because he was now a person who should be reinvested with public trust and that satisfied due process. The plaintiff had the due process that was appropriate to a rehabilitation hearing so we were now at the rehabilitation stage and if we look at due process we have to take into account all of the process that he received at every stage of the proceedings to the extent that he is now contending he wanted to rebut the allegations he had an opportunity for a hearing on the merits to do that and he chose to forego that opportunity and to enter into the consent order and he benefited from that because he risked an even more serious penalty had he has received due process at every stage of these proceedings. Some of the contentions, excuse me, some of the contentions that the plaintiff makes attempt to undermine the effect of the consent order. The plaintiff is saying that when he entered into the consent order he was only accepting responsibility for certain allegations and not others and I think we need to keep in mind that all of the allegations were set forth in the complaint and all of the allegations were the basis for the consent order and if this matter had proceeded to a merits hearing it would have been on all of the allegations and as I said plaintiff would have risked a more serious sanction. The plaintiff contends that well there was a two-year minimum period before he could apply to have his license restored and that was retroactive so it really wasn't that significant that he entered into the consent order. There for one thing I think we need to keep in mind that the sanction was an indefinite suspension. It wasn't a two-year suspension. The two years comes into this because it's the minimum time period until he could be eligible to apply but then he still needed to demonstrate rehabilitation. Those two years having now passed he can apply again that's something he could do at any time so what we have is an indefinite suspension. Also the timing of the two-year period until he could apply that might have been a part of the plaintiff's personal reasoning in agreeing to the consent order but that retroactive timing doesn't change that this indefinite suspension was a substantial disciplinary penalty. It doesn't change that serious allegations were brought. It doesn't change that those allegations raised concerns for the public welfare going forward and that plaintiff had an opportunity to address those concerns so there's nothing about the timing that helps the plaintiff to show a due process violation. Also in the plaintiff's contentions he refers to the the rehabilitation regulation and that doesn't help the contentions. He points out that one factor refers to the seriousness of offenses. The term offense is a descriptive term. Theft is an offense. I'm sure misconduct is an offense as examples but there's nothing in the regulation that limits consideration to those offenses that were proven after a merits hearing as opposed to offenses that were alleged. The regulation doesn't provide anything like that. The regulation just refers to offenses that gave rise to discipline and here in this posture that was the offenses that were alleged in the complaint because the consent order and then in any event the factors listed in the regulation are not exhaustive. The regulation itself states that the medical board may take into account other considerations so there's nothing about the regulation that supports that anything improper happened here let alone that there was a due process violation and I think it should also be kept in mind that the approach that the plaintiff is proposing is not one that would serve the public interest. In the plaintiff's approach when rehabilitation is being evaluated the nature of the underlying allegations just drop out of the picture if the consent order if in the consent order the suspended petitioner does not expressly admit them and that's not a good approach because we want rehabilitation determinations to reliably reflect that someone with a suspended license should now be reinvested with the public trust and you know the plaintiff said well the department can require admissions in a consent order and I think if we look at that we also have to look at the other side of the coin that the department merits hearing in favor of a consent order he chose the consent order because he found it beneficial for his own reasons and one of those benefits was that he risked a less serious sanction and there's another interest which as I said is the public interest if rehabilitation is being evaluated it wouldn't serve the public interest and that's not what the public would want for the the nature of the underlying allegations which is not the same as taking them as true that they'd simply be ignored when a practitioner chose not to contest those allocations. So again here what went into the mix on rehabilitation was that this is someone whose history raises concerns for the public welfare that's not the same as finding violations of the act and a due process was provided. To turn to the you know as I've said the lens that this is being looked through is here's a disciplinary situation that raises concerns that's what went into the mix. To turn to the issue of the competency regulations and I think a little background is useful so I'll just briefly start there. The regulation issue requires that a physician whose license is expired or inactive for more than three years has to meet certain requirements. One of those is a certain number of continuing medical education hours. Another requirement could be met by taking a professional exam or by other means and it had been the department's practice to require that a petitioner whose license had been suspended for more than three years to show that they had met that competency regulation. And then subsequently after the director's decision here the department modified its procedures in response to a sort of court ruling in a different case. And so as it stands now the procedure is if the petitioner shows that rehabilitation that warrants public trust they do not also at that point need to show the competency regulation but they would have to show that ultimately before they would be the procedure being used at the time but that doesn't mean that a due process violation occurred because the basis for denying the license restoration was because the plaintiff has not met his burden to show that he should be reinvested with the public trust. The competency regulation requirements were identified as an additional hurdle but the decision was that the plaintiff did not clear this initial hurdle of showing that he had been rehabilitated to warrant the public trust. So the competency requirement did not have any effect on the outcome here and you know the plaintiff says well that it's speculative and is contending that the competence requirement did play a role in denying the decision. There is no speculation that's called for and I think it's very clear from reviewing the decision the director's decision and the ALJ's decision that the director accepts that the competency requirements did not play a role. In particular a plaintiff has suggested that the competency requirements were considered as one of the factors of rehabilitation but I think it's very clear in reviewing and reading those decisions that that's not the case. The rehabilitation determination was framed as the issue and then the rehabilitation factors that are considered by the ALJ are set forth and there's a discussion of the witness evidence, the plaintiff's other and it's clear from reading the decisions that the competency is being discussed as an entirely separate matter as I called it this additional hurdle that the plaintiff would need to consider. So those two are addressed separately. In particular if you go and look at the ALJ's decision and the director's decision the discussion is about rehabilitation why rehabilitation is not shown here and that that is the reason for the denial and then competency the ALJ specifically refers to this you know as this would be an additional concern and the director's decision refers to this also as a further concern. So it's as if the plaintiff is saying well there's kind of prejudice is presumed here because this competency regulation was mentioned and then it somehow tainted the decision making process but I think review of those decisions contradicts that and shows that that was not taken into account here and did not have an effective outcome. Plaintiff suggested well why even mention it if it didn't affect the outcome and there are two reasons that are interrelated. One is completeness because at the time the department... Can you wrap it up? I think you've made your arguments. Now you're becoming repetitive. Thank you for letting me know that. I will move on. The other issue that is raised is a contention that the director's decision was clearly erroneous. That is not the case here. The... I think that assertion comes down to asking the court to re-weigh the evidence which is not the court's role on administrative review. The director here looked to the totality of the evidence and the director did accord some weight to the plaintiff's presentation. It wasn't ignored or disregarded but ultimately the director determined that the evidence was insufficient to meet the plaintiff's burden of showing that he should be reinvested with the public trust and that decision was well grounded in the evidence. It was not clearly erroneous. The plaintiff suggested well there's nothing more he could have done or shown and that's contradicted by the decision itself. The director's decision observes that the evidence from any independent witness who did not have a close relationship with the plaintiff and was not merely conveying what the plaintiff had told them that could have been provided. The testimony of an independent practitioner could have been provided. The plaintiff could have had discussions of a similar type that he had with his sister with an independent practitioner for example. We don't have any evidence of that. We hear from employers. We don't hear from patients. We don't hear about his relationship with patients. So the witnesses here did not provide much additional insight into plaintiff's rehabilitation. The steps the plaintiffs took that the plaintiff took were considered. It was given some weight that he had attended two courses related to boundaries. The other evidence that he provided was all weighed in the mix but the determination was made that that did not carry the day. That did not meet his burden of showing sufficient rehabilitation toward the public interest and there was nothing clearly erroneous about that. In particular the plaintiff has mentioned that he took a lot of general CME courses and is contending that that should have been given more weight. The ALJ did recognize that CME is a requirement of a licensed physician so that technically he might not have had to take those courses here but I think the point that the ALJ was making is that that is a very basic requirement that would be expected of any practitioner so it doesn't provide much insight into rehabilitation and in particular he would have had to take that type of CLE credit CME credit at some point to get his license back so there's no clear error in the decision. And with that I apologize if I was a bit lengthy. I will answer the court's questions if there are. Any questions? Yes. Your argument is that the competency requirement was raised as a addendum additional thing but I'm reading this ALJ decision and it says as such the requirements of section 1285.130 are applicable to this respondent and the ALJ has no authority to waive the proofs required by section 1285.130. The petitioner is saying it doesn't matter what type of additional continuing education he could have showed this ALJ but this ALJ says he couldn't waive a requirement. In other words, why is waiver mentioned if it was not considered to be a requirement? The ALJ has no authority to waive the proofs required by this section and that's before he even discusses in his decision the other classes. That's the roadblock that's put up in the very beginning. How can we say that this did not color the entire decision when this ALJ says he couldn't waive this requirement? The ALJ is saying he can't determine that 12.130 doesn't apply here because the director at that time and the ALJ were applying that competency regulation in this context. So the decision does refer to that competency regulation. So when he's writing this he's saying his understanding was is this doctor could not get his license because he did not show this competency proof. That's what he's saying, right? That's what you just said. As an additional hurdle that would have had to have been met but the decision was he doesn't clear the initial... What I'm saying in this case, if this doctor had had all kinds of independent experts testifying on his behalf saying what a good doctor and how rehabilitated he was, this ALJ would not have approved this petition because he put up here he did not present proof of competency and I can't waive it. I don't know that we could say that what would have happened if he had been found to have met his rehabilitation... Isn't that the problem we have here? How can we tell whether or not this consideration blocked it? Because we didn't get past that hurdle. He never got past the hurdle of showing sufficient rehabilitation to be... But what I'm saying when I read this decision and I know you're fair, you read the decision even before we got to those first hurdle. You didn't tell me competency and I can't waive it. And then he went on to say the other stuff. Isn't that how that decision was drafted? I think that the competency is being added to show that... Added or was it put up before the other stuff? Its placement at the beginning is to say in a section... It's not placed in a section called analysis. Analysis is all about rehabilitation. It's placed earlier to say there's a competency requirement and we need to keep that in mind because that would be an additional hurdle. But then the focus of decision and the basis for the denial is that he has not met the burden to show he should be reinvested with the public trust. There's nothing showing that that decision would be about the public trust would be any different or that the competency regulation was taken into consideration in determining rehabilitation for the public trust in any way. That decision was made based on the witness's testimony and the plaintiff's testimony and the factors presented at the hearing and he didn't clear that hurdle of showing rehabilitation. So I think that this would come to... If referring to the competency regulation was an error, it would be a harmless error because it did not have any effect on the outcome. It did not have any effect on the denial of the license. All right. I have no further... Yeah, just briefly, Justice Smith. Thank you. Ms. Wunder, so when you read the director's final decision and he spends, I would by my count, four paragraphs talking about the substance of this and the last of those is this discussion of clinical competency and at the end of it, after all of that says the kind of the kicker, the final conclusion, and I don't have it right here, but he says the petitioner does not warrant the public trust and his petition for restoration is denied. Now, what you're trying to do is you're trying to separate out the clinical competency problem and saying that was just a separate nail, but there was already one nail in the coffin and all you need is one, which is rehab, lack of rehab. The second one, fine, even if that was error and we disregard it, you still got the first, but how do you read the director's decision? How do you know, let me put it this way, how can we read this director's decision and know what amount of impact the clinical competency requirement had on the final decision? The director does not say as a separate problem, we have this clinical competency. He doesn't conclude one thing, rehab, and say that is reason enough to deny. Let me give you a second reason now. If he did something like that, I might be able to understand more trying to keep them separate, but I don't see that. I don't read that. So what are we supposed to do if we agree with Ms. Elliott that it was error to consider clinical competency? Let's just hypothesize that we agree with her on that point. How do we know that that from a reading of the decisions that the error did not infect the final decision? The director's decision spends much of the decision reviewing the evidence on rehabilitation and agreeing with the AOJ that the evidence on rehabilitation, meaning the witness testimony and plaintiff's testimony, was insufficient to show that he should be reinvested with the public trust. That's a clear and complete discussion in itself of the rehabilitation issue with a determination that the rehabilitation issue did not result in the plaintiff meeting his burden. The competency regulation is not discussed as any part of that, but is discussed as an additional consideration, which is the AOJ's language, and then the director is adopting the AOJ's decision, and when the director refers to it, says that is a further consideration. So I do maintain that the structure of decisions and the review of the decisions shows that there was no prejudice here from referring to the competency regulation. Whose burden is it to show prejudice? If we find that it was error to consider clinical competency, which side has the burden of showing that that didn't impact the outcome? I think in this case, it would be the petitioner because they're alleging that this error was made, so they would need to demonstrate that this was a prejudicial error that affected the outcome. Okay. All right. Thank you very much. Sabrina, you may go ahead. Thank you, Your Honor. I'd like to just address a few points made by the department here. The department mentions that the entire premise of our due process argument regarding the allegations being taken as true for purposes of determining the baseline offense, mentions that the premise is incorrect because there's no determination that Dr. Pasek violated the act in this restoration proceeding. However, they completely missed the point. He still has a right to defend his interests. These findings were made, and it affected his right to a fair determination in his rehabilitation proceeding. That's the proceeding we're talking about, the interest being affected here. They did make findings regarding the offense. Those can be used in future proceedings, even if he is unsuccessful on this one, as they can rely on their same findings at future dates. They argue also that he did have an opportunity to defend himself in the initial disciplinary case, which Dr. Pasek is not saying he didn't have that opportunity and didn't waive his opportunity at that time. Again, what we're talking about here is the restoration proceeding. This is the first time that there's been any finding against him, against his interests regarding those underlying allegations. That is where the due process issue occurs here. With that restriction on this scope of the proceeding, which the administrative law judge repeated during the hearing and in his report, that any information that was going, any evidence that was to be presented was to be following the date of the suspension related to rehabilitation only. With that restriction in scope, Dr. Pasek's interest in defending himself on those underlying allegations was absolutely affected. The department mentions that he chose to forego his opportunity to contest those allegations. They speculate that he risked an even more serious penalty. What I'd like to point out to this court, however, is that it was, again, it was the department's burden in that initial case to prove those allegations by clear and convincing evidence. They instead chose to offer, draft, and enter a consent order, which required no admissions on part of Dr. Pasek. If that doesn't cut against the department's finding in this restoration proceeding, that the allegations, you know, constituted the offense that we should be looking towards here, I don't see what doesn't. The department also incorrectly says that all allegations were the basis of the consent order. However, that's plainly untrue. What the consent order says is, should this matter proceed to a hearing, Dr. Pasek acknowledges that a violation of the Medical Practice Act could be found, and he testified as to what he was admitting to in that instance. The department also mentions that this is a substantial disciplinary penalty. Again, this doesn't support that all of the allegations underlying the disciplinary complaint were true, and there's nothing in the record which suggests otherwise. The department acknowledges that the regulation at issue allows the department to consider the offenses giving rise to discipline. Again, because there were no admissions in the consent order and there wasn't any specification in the consent order as to what the offenses were that led to the discipline, or his agreement to discipline, then it really doesn't constitute the offense here. The regulation, had it meant to include all allegations that the department can consider in a restoration proceeding, it would have said allegations. Here it said offenses, and to read into this regulation that all allegations can be considered, even all of those that are unproven, essentially renders that first point meaningless, that it is the offense that needs to be considered. The department's contention that the non-exhaustive nature of the list of rehabilitation factors allows it to consider unproven allegations, again, also renders that first provision meaningless. Here the department claims that our approach would not serve the public interest because the department wouldn't be able to consider any of those allegations at issue. However, Dr. Pasek isn't proposing that they cannot consider allegations. However, in the scope of this hearing, where there were no admissions in the record, no allowance for findings of fact to be made and evidence presented in restoration, then that does violate due process. There are methods which would allow the department to consider those allegations. That would be settlement agreements, plea agreements, and other settlement consent orders in other states, as well as in other professions under the IDFPR. It doesn't cut against their ability to enter into settlements as the department catastrophizes here. We're not asking that all allegations be ignored, but including the specific allegations that led to the discipline, either in the consent order or making those findings in a restoration proceeding, would actually ensure the grander public interest of ensuring that everyone is provided with due process. These are simple, really simple resolutions that would allow due process protections to be afforded without cutting against the department's ability to consider actual admissions and evidence here. Turning to the second issue, department claims that competency did not play a role in the ultimate decision by stating that the director found this to be a further concern. That, however, is not what the director's order said. The director's order lists evidence after evidence after evidence that it supports its determination to deny the petition for restoration, and with that last paragraph, simply says the word further. This further supports the ultimate determination is what the director is saying here. It doesn't say that this is a separate further concern. The very last line of this decision says petitioner must comply with the requirements contained in this section, and at this time, petitioner does not warrant the public trust. There is no separation, no distinction there. Those are the same paragraph and the same determination being made. It is clear that this influenced the decision. It prejudiced the department against his determination of whether he warranted the public trust, and therefore, you know, this decision should be reversed and it should be remanded to the department. Any questions? No, no. All right. Thank you both very much. You were very detailed on each issue, and we appreciate that. Thank you very much.